Arlene Kashkin et al., Plaintiffs, v Mount Sinai Medical Center et al., Defendants.

Supreme Court, New York County, February 8, 1989

## APPEARANCES OF COUNSEL

*Martin, Clearwater & Bell (Michele Taylor* of counsel), for Henry D. Janowitz, defendant. *Edelman & Edelman, P. C. (Barry S. Huslow* of counsel), for plaintiffs.

## OPINION OF THE COURT

Ira Gammerman, J.

Defendant Henry D. Janowitz moves, pursuant to CPLR 3212, for summary judgment dismissing the complaint as against him. This is an action to recover for injuries allegedly sustained by Arlene J. Kashkin as a result of the performance of a diagnostic procedure. The complaint alleges both lack of informed consent and negligence.

### FACTUAL BACKGROUND

Prior to November 21, 1980, plaintiff Arlene Kashkin was referred to defendant Janowitz, a noted gastroenterologist, by her family physician. Dr. Janowitz diagnosed her condition as recurrent attacks of acute pancreatitis, but was uncertain as to etiology. He recommended that Dr. Jerry Waye perform an endoscopic retrograde cholangiopancreatography (E.R.C.P.) on plaintiff in order to rule out the possibility of stones in either the common bile duct or the pancreatic duct. Plaintiff informed Dr. Janowitz of her previous allergic reaction to contrast material when undergoing an intravenous pyelogram (I.V.P.). Plaintiff was subsequently admitted to Mount Sinai Hospital for the E.R.C.P. Defendant Janowitz neither performed nor participated in the procedure. It is claimed that Mrs. Kashkin suffered injury to her pancreas as a result of the performance of the E.R.C.P.

### DISCUSSION

The principal issue with respect to the claim of lack of informed consent asserted against Dr. Janowitz is whether a referring physician has a duty to inform the patient of the risks involved in an invasive diagnostic procedure performed by another doctor. Dr. Janowitz argues that a referring physician cannot be held liable for the failure to obtain a patient's informed consent to the performance of an invasive diagnostic procedure, since the mere act of referring a patient to another physician is insufficient to create liability on the part of the referring physician to obtain informed consent to the procedure rendered by the second physician. Defendant Janowitz further asserts that Dr. Waye did, in fact, inform the patient of the risks of the procedure, thereby relieving defendant Janowitz of that obligation.

With respect to this latter argument, plaintiff submits evidence that neither Dr. Janowitz nor Dr. Waye informed her of the risks involved in the procedure, thus creating an issue of fact.

In *Nisenholtz v Mount Sinai Hosp.* (126 Misc 2d 658 [Sup Ct, NY County 1984], *affd* 115 AD2d 1022 [1st Dept 1985], a case involving the same defendant), I held that Dr. Janowitz did not have the obligation to provide information about the risks of surgery where he referred his patient to a surgeon. In *Nisenholtz (supra)*, however, Dr. Janowitz did not specifically recommend the surgery involved. It should be noted that I

stated in *Nisenholtz (supra,* 126 Misc 2d, at 664) that "[t]he referring physician should be held liable * * * when that physician has ordered a procedure". Here, plaintiffs submitted evidence that Dr. Janowitz referred the patient to Dr. Waye for the specific procedure (the E.R.C.P.), it was scheduled by Dr. Janowitz's office and he had his nurse make the appropriate hospital arrangements. Dr. Janowitz did not refer Mrs. Kashkin to Dr. Waye for a second opinion. Rather, she was referred after the decision to order the procedure was made by defendant Janowitz. Indeed, Dr. Waye, whose role was merely to perform the procedure, did not even meet plaintiff until after she was admitted to the hospital. In *Prooth v Wallsh* (105 Misc 2d 603, 605-606 [Sup Ct, NY County 1980]), it was noted that "[a] patient's personal physician bears the responsibility to assure the welfare of his patient in all phases of his treatment. Such treatment must, of necessity, include diagnosis and the prescription of a course of treatment by others, such as specialists. * * * [I]f [the treating physician] refers his patient to another physician and retains a degree of participation, by way of control, consultation or otherwise, his responsibility continues to properly advise his patients with respect to the treatment to be performed by the referred physician".

From the evidence submitted by plaintiff, Dr. Janowitz recommended the E.R.C.P. to determine the etiology of Mrs. Kashkin's recurrent attacks of acute pancreatitis. Since Dr. Janowitz suggested the E.R.C.P. as a diagnostic tool, he had a duty to inform Mrs. Kashkin of the risks of the procedure.

Courts in other States also have imposed liability upon a physician who fails to obtain informed consent when the physician formally orders a procedure. *(See, Halley v Birbiglia,* 390 Mass 540, 458 NE2d 710 [1983]; *Berkey v Anderson,* 1 Cal App 3d 790, 82 Cal Rptr 67 [1969].)

Defendant Janowitz's final argument on the issue of informed consent is that even if he had the duty to advise plaintiff Arlene Kashkin of the risks of the procedure, he had no duty to advise of the risk of allergic reaction inasmuch as an allergic reaction was not the cause of Mrs. Kashkin's injury. This argument fails for two reasons. First, it is not necessary that the risk of which the plaintiff was not warned be the one which occurs. It is only necessary that the risk be one a reasonable physician would advise the patient about and that a reasonably prudent person if advised of that risk would not consent to the procedure. If the procedure itself causes injury (irrespective of which risk of that procedure is the one

which occurs or even if negligence in the performance of the procedure is the cause) there is sufficient causal relationship. Second, there is an issue of fact raised by the papers submitted with respect to whether or not plaintiff Arlene Kashkin's injury was related to an allergic reaction on her part.

Plaintiffs also assert that defendant Janowitz was negligent in failing to inform Dr. Waye about plaintiff's prior allergic reaction during an I.V.P. Plaintiffs have submitted evidence that Dr. Janowitz did not inform Dr. Waye of her allergy and that a causative relationship exists between this failure and her injuries. She asserts that a nurse employed by Mount Sinai Hospital negligently applied excessive pressure on the syringe during the procedure, and that had the nurse known of Mrs. Kashkin's allergy, she would have exercised greater care, thus avoiding the hyperinjection of the contrast material.

Accordingly, defendant Janowitz's motion for summary judgment dismissing the complaint is denied.