[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Jacqueline Wright brought this medical malpractice action on July 2, 1992, alleging that the defendant Philip Hutt negligently failed to obtain the plaintiff's informed consent before performing dental procedures in August 1986 and February 1987. The plaintiff further alleges in the complaint that the Teflon Proplast implants utilized by the defendant were defective and potentially injurious, and that information about this inherent defectiveness was known to the defendant and not disclosed to the plaintiff. On October 15, 1993, the plaintiff filed a request to amend her complaint to include an allegation of negligence in the use of the implant device. The defendant objects on the grounds that the pleadings are closed and this amendment would be unfair and prejudicial to the defendant, and that this allegation states a separate cause of action that is barred by the statute of limitations.
"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." (Citations omitted.) Sharp v. Mitchell, 209 Conn. 59, 71, 546 A.2d 846 (1988). The cause of action in the present case arises from two dental procedures Dr. Hurt performed on the plaintiff, which involved the use of Teflon Proplast implants. Count one of the original complaint sounds in negligence, since "the theory of negligence . . . [applies] to cases in which it is alleged that the physician failed to obtain an informed consent." (Citations omitted.) Mason v. Walsh, 26 Conn. App. 225, 229, 600 A.2d 326 (1991). The plaintiff now seeks to amend her complaint to add negligence in the use of the implant devices, in addition to the defendant's negligent failure to obtain her informed consent as to their use.
"A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action." Sharp v. Mitchell, supra, 71. Moreover, "[a] change in the allegations of liability does not introduce a new cause of action." Cooper v. Ketover, 35 Conn. Sup. 38, 43, 393 A.2d 64 (Super.Ct. 1978). The requested amendment arises out of the same group of facts as the original complaint, and therefore does not state a new cause of CT Page 10962 action. The original complaint clearly put the defendant on notice that the alleged negligence involved the implant devices at issue, and the court can find no unfair prejudice in the requested amendment. Since "[i]t is proper to amplify or expand what has already been alleged in support of a cause of action . . . .;" Sharp v. Mitchell, supra, 71; The plaintiff's request to amend is granted, and the defendant's objection overruled.
JOHN WALSH, J.