[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 1, 1993, the plaintiffs, Sheila Daley and Thomas Daley, filed a six count revised third amended complaint sounding in medical malpractice, lack of informed consent, negligence, and loss of consortium against the defendants, Gerard Sava, M.D., Yale University (Yale), and Stamford Hospital. The plaintiffs allege in count three that Yale, through its school of medicine, undertook the care and treatment of the plaintiff, but failed to obtain her informed consent for the proposed brain surgery.
Yale has filed a motion (#156) for summary judgment on the ground that its service was in the capacity of providing a second opinion, and therefore, it had no duty to obtain the plaintiff's informed consent.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrett v. DanburyHospital, 232 Conn. 242, 250, 654 A.2d 748 (1995). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and Way Properties v. Colt'sManufacturing Co., 230 Conn. 660, 665, 646 A.2d 143 (1994).
Yale argues that it had no duty to obtain the plaintiff's informed consent because its function was to provide a second opinion to the plaintiff and not to perform the surgery. The CT Page 5466 plaintiffs argue that the plaintiff went to Yale to obtain a recommendation as to whether she should consent to the surgery, and therefore, necessarily required Yale to obtain the plaintiff's informed consent.
"The existence of a duty is a question of law and to [o]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Internal quotation marks omitted.) Petriellov. Kalman, 215 Conn. 377, 382-83, 576 A.2d 474 (1990). "An informed consent action, however, differs from the ordinary negligence action in that the plaintiff must prove both the duty and the breach of that duty through expert testimony. . . . In order to establish the existence of a duty to inform, the plaintiff must show through expert testimony that `the customary standard of care of physicians in the same practice as that of the defendant doctor was to obtain the patient's informed consent prior to performing any operation.'" (Citation omitted.) Mason v. Walsh,26 Conn. App. 225, 229-30, 600 A.2d 326 (1991), cert. denied,221 Conn. 909, 602 A.2d 9 (1992).
This case presents a novel issue in Connecticut. Although there is no authority directly involving a physician consulted by a patient for a second opinion, decisions have been rendered regarding the duty to obtain informed consent on the part of hospitals and referring physicians which are analogous to the question at hand. In Petriello v. Kalman, supra, 215 Conn. 384, the court held that the duty to obtain the plaintiff's informed consent prior to a surgical procedure rested on the attending physician, because there was no evidence of any involvement by a hospital employed physician. The court in Petriello relied uponLogan v. Greenwich Hospital Association, 191 Conn. 282, 304-06,465 A.2d 294 (1983), in which the court determined that an attending physician who did not participate in the surgery had no duty to obtain the patient's informed consent. In Weidl v. Gfeller,
Superior Court, JD of Hartford/New Britain at Hartford, DN. 351404 (September 3, 1992) (Burns, J.), the court noted that as a general rule "the duty of obtaining the patient's informed consent rests only on the physician or other health care provider treating or performing a medical procedure on the patient. . . . The rule is that a physician who prepares to perform a medical or surgical procedure has the obligation to explain that procedure to the patient — not the referring doctor." (Citation omitted; internal quotation marks omitted.) Accordingly, the court inWeidl set aside a jury verdict against a physician who had not performed the operation because there was no theory under which the doctor CT Page 5467 could be held liable.
Reviewing other jurisdictions, the court in Foflygen v. R.Zemel, M.D. (P.C.), 615 A.2d 1345, 1353 (Pa.Super. 1992), concluded that "[u]nder normal circumstances, only the physician who performs the operation on the patient has the duty of obtaining the patient's informed consent," and therefore, a physician who merely conducted a pre-surgery physical examination had no duty to obtain the patient's informed consent. In Johnson v. Whitehurst,652 S.W.2d 441, 444-45 (Tex.Ct.App. 1983), the court determined that a physician has no duty to obtain the informed consent of a patient for surgery that is to be performed by another doctor. The duty to obtain informed consent was also discussed in Spinosa v.Weinstein, 168 App.Div.2d 32, 571 N.Y.S.2d 747, 751 (1991), where the court noted that "[t]hose cases which have considered a physician's duty to obtain a patient's informed consent in the context of single surgical procedures performed in hospital settings have generally refused to impose liability upon surgical assistants or referring physicians who neither ordered nor performed the subject procedure." However, the court in Prooth v. Wallsh, 105 Misc.2d 603,432 N.Y.S.2d 663, 666 (Sup.Ct. 1980), stated that the duty of a consulting physician is to advise and make recommendations to the treating physician, who then is to determine the scope of the information imparted to the patient. The court also noted that this rule could conceivably be different if the consulting physician was called in directly by the patient for a second opinion. Id. In Prooth the court held that the chief surgeon who operated was obligated to obtain the patient's informed consent, as was the patient's personal treating physician because he retained a degree in participation in the patient's treatment. Relying onProoth, the court in Kashkin v. Mount Sinai Medical Center,142 Misc.2d 863, 538 N.Y.S.2d 686, 688 (Sup.Ct. 1989), held that a physician who formally orders a procedure has a duty to obtain the patient's informed consent, even if the physician does not perform the procedure. The holding in Prooth was criticized in Nisenholtzv. Mount Siani Hospital, 126 Misc.2d 658, 483 N.Y.S.2d 568, 573
(Sup.Ct. 1984), in which the court decided that the physician must have actually ordered or participated in a treatment or procedure to be held liable, rather than merely retaining a degree of participation. The court further stated in Nisenholtz that "it is clearly not necessary that every physician or health care provider who becomes involved with a patient obtain informed consent to every medical procedure to which the patient submits. Rather, it is the responsibility of a physician to obtain informed consent to those procedures and treatments which the physician actually CT Page 5468 prescribes or performs." Id., 572.
Yale has provided an affidavit by Dr. Joseph M. Piepmeier, a neurologist employed by Yale, who provided the second opinion for the plaintiff. Piepmeier attests that the physician performing the procedure provides the information required for informed consent, not the second opinion doctor. Yale has also provided a letter from Piepmeier to Dr. Sava in which Piepmeier stated that he strongly encouraged [the plaintiff] to proceed with surgery" and also noted that "[t]he risk of [the] procedure is quite small and the potential benefits are quite large." Because Yale's services were purely for consultation, and Yale had no involvement with the actual surgical procedure, Yale had no duty to obtain the plaintiff's informed consent. The plaintiffs have argued that because Yale was consulted for the purpose of providing information to the plaintiff, this necessarily implicates the duty of informed consent. While Yale may have had a duty to inform, it had no duty to obtain informed consent as it was not involved in the actual surgical procedure performed on the plaintiff. The plaintiffs may be able to assert a cause of action in negligence against Yale, as in count four, based on the quality of the information it provided to the plaintiff, but this does not support an action in negligence based upon a theory of informed consent. Accordingly, summary judgment is granted.
So Ordered.
Dated at Stamford, Connecticut, this 23rd day of May, 1995.
WILLIAM B. LEWIS, JUDGE