[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR COMPLIANCE
The defendant has filed a motion to compel claiming the plaintiff has failed to comply adequately with Practice Book § 220(D). That section requires that the plaintiff must disclose the following information as to any expert witness it intends to call at trial:
 . . . The subject matter on which the expert is expected to testify the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds of each opinion. . . .
The following response was made by the plaintiff:
DISCLOSURE OF EXPERTS
Pursuant to Practice Book Section 220(D), the plaintiff hereby makes the following disclosure with respect to experts:
A. NAME OF EXPERTS:
 Alfred J. Ranieri, Jr., M.D., 1455 Chapel St., New Haven, CT. CT Page 13908
B. SUBJECT MATTER ON WHICH SAID EXPERTS WILL TESTIFY:
 Medical: The nature, extent, cause, effects, diagnoses, treatment, symptomology, mechanism of the injury and prognosis including: any permanent partial disability; the nature, cost and extent of any future medical treatment procedures and medication; the nature and extent of any pain, suffering and discomfort associated with said injuries and disabilities; and the effects and limitations on the plaintiff's life and activities due to said injuries and disabilities, and cost of future medical treatment; and permanent partial disability and the effects upon the plaintiff's life and activities.
 C. THE SUBSTANCE OF THE FACTS AND OPINIONS TO WHICH SAID EXPERT WILL TESTIFY:
 The nature and extent of the plaintiff's injuries and disabilities and the causal relationship to the incident alleged in the plaintiff's complaint
D. A SUMMARY OF THE GROUNDS FOR SAID OPINION:
 The doctor's medical education, training, and experience: examination and treatment of the plaintiff as well as a review of the plaintiff's medical reports, history, diagnostic test results, x-rays and the AMA Guidelines concerning permanent partial disability.
Opposing counsel is merely told the general areas about which the expert will testify and the very general sources on which his opinions will be based not the basis or grounds of particular opinions he has arrived at.
The purpose of the discovery rules is said to be to make a "trial less of a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent", U.S. v. Proctor R. Gamble, 356 U.S. 677, 682 (1958), cited CT Page 13909 in Caccavale v. Hospital of St. Raphael's, 14 Conn. App. 504, 507
(1988). It is difficult to see how the disclosure made here complies with that basic requirement or with the ordinary meaning that should be attached to the language of the Practice Book — the "substance of the facts and opinions" must be set forth and the "summary of the grounds for each opinion." Opposing could have learned as much about the plaintiff's case from reading the complaint and relying on ordinary common sense and experience.
To say the expert will testify as to "the nature and extent of the plaintiff's injuries" or about causal relationships says nothing about what the causal relationships are alleged to be or what the nature an extent of any injuries in fact are. The grounds of the expert's opinion are the specific grounds the expert claims his opinion are based upon not general reports and test results which the expert examined to arrive at those grounds.
To say this information can be secured through interrogatories or deposition misses the point since the language of Practice Book § 220(D) must have been enacted to achieve some purpose that would aid discovery. An adequate compliance with Practice Book § 220(D) enables opposing counsel to intelligently prepare interrogatories and to frame his questions for the deposition. Counsel can use Practice Book § 220(D) compliance to discuss the matter with his or her own experts or might decide a deposition of the plaintiff's expert was unnecessary.
Rule 220(D) was based on pre 1993 federal Rule 26b(4)(A). We used the exact same language in our rules and the federal cases make clear that the type of compliance made here would be inadequate. The federal rules were amended in 1993 but federal cases interpreting the old rule are helpful. Rupp v. Vock Weiderhold, Inc., 52 FRD 111 (1971) (ND Oh) was a suit for injuries allegedly caused by a negligently manufactured machine. The court held answers to interrogatories merely giving the names of experts and describing the subject matter of testimony merely as the machine design, electrical circuiting and human factor engineering was insufficient. Relying on the language in the federal rules now under discussion the court held the plaintiff must state more precisely the subject matter of the proposed testimony including substance of facts and opinions and summary of grounds for each opinion. Olmsted v. Nelson, 60 FRD 369 (1973, D.C.) held that it is insufficient to state that the testimony of the plaintiff's doctor will be based on hospital and office records and that the grounds for the expert's opinion would be his CT Page 13910 knowledge of medicine and the facts of the case. Cf Mann v.Newport Tankers Corp., 96 FRD 31 (1982, SDNY).
The compliance must be more precise, it needn't be voluminous but if in fact, for example, the plaintiff has "any permanent partial disability" what might that disability be and what exactly is its medical cause? An adequate answer to such questions would be to set forth the basis (grounds) of the opinion that is the specific reason why the doctor has formed his opinion about the; disability. It is not sufficient to not only fail to identify the disability but then in effect to say whatever that disability may be its cause is buried in some unidentified report or revealed in some undisclosed way by x-rays or testing
The plaintiff must make a good faith effort to comply with Practice Book § 220(D). The motion for compliance is granted.
To avoid having otherwise appropriate Practice Book § 220(D) discovery, however, turn into an unfair impeachment weapon it should be understood or perhaps explicitly stated in discovery compliance that it only represents the expert's opinion at the time of compliance and of course would not preclude plaintiff's counsel from amending the compliance to show new or different grounds for the opinion based on later testing or examinations of the plaintiff as long as such amendment can be effectuated without unfair prejudice to opposing counsel.