[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Jane Doe, has sued the defendants: Stamford Hospital, L.A. Sosnowski; Paula DeStefano; Patrick A. Broderick; Cleo I. Siderides; and Linda Condon, in a complaint sounding in negligence (counts one and three), lack of informed consent (count two), violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. (count four). and recklessness (count five). The plaintiff is attempting to recover for damages from injuries allegedly received as a result of the defendants' improper analysis of five pap smear tests.
The defendants Hospital, Sosnowski, DeStefano, and Condon have filed a motion to strike the second, fourth and fifth counts of the complaint.[1] "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181
(1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiff], to determine whether the [plaintiff] has stated a legally sufficient cause of action."Napoletano v. Cigna Healthcare of Connecticut, Inc.,238 Conn. 216, 232-33, 680 A.2d 127 (1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1106, 137 L.Ed.2d 308 (1997).
The defendants move to strike the second count of the complaint on the ground that the plaintiff "fails to allege a legally cognizable claim for [l]ack of [i]nformed [c]onsent." The defendants argue that the doctrine of informed consent "arises from the patient-physician relationship. " Therefore, according to the defendants, they did not owe a duty to the plaintiff.[2]
"Typically, the basis for claiming a lack of informed consent is a failure to make a sufficient disclosure of the risks of or alternatives to a certain medical procedure or treatment. . . . In order to establish the existence of a duty to inform, the plaintiff must show through expert testimony that the customary standard of care of physicians in the same practice as that of the defendant doctor was to obtain the patient's consent prior to performing any operation." Caron v. Adams, 33 Conn. App. 673,687, 638 A.2d 1073 (1994). "Once the existence of the duty to inform has been established, the degree or extent of disclosure necessary to satisfy the duty must be proven in accordance with the lay standard." (Citation omitted; internal quotation marks omitted.) Mason v. Walsh, 26 Conn. App. 225, 229-30, 600 A.2d 326
(1991), cert. denied, 221 Conn. 909, 602 A.2d 9 (1992).
In the present case, the plaintiff alleges that the defendant CT Page 4585 Hospital failed to "inform [her or her doctor] of the failure rate in interpreting pap smears nor the risk, benefits and alternatives to the test." This, according to the plaintiff, "prevented [her] from being able to make a decision with regard to her medical care and treatment based upon [her] informed consent." These allegations amount to allegations of "a failure to make a sufficient disclosure of the risks of or alternatives to a certain medical procedure or treatment." However, the plaintiff fails to allege that the customary standard of care of persons or hospitals similar to the defendants is to obtain the patient's consent prior to performing the tests. In short, the plaintiff omits from her complaint the duty element of an informed consent cause of action.
The second count of the complaint is legally insufficient to maintain a cause of action sounding in lack of informed consent. The motion to strike count two of the complaint, therefore, is granted.
The defendants move to strike the fourth count of the complaint on the ground that the plaintiff "fails to allege facts which state a cause of action under [CUTPA]." The defendants argue that the plaintiff merely "reincorporates prior allegations in an attempt to inflate a negligence claim into one for violation of CUTPA."
"[T]he touchstone for a legally sufficient CUTPA claim against a health care provider is an allegation that an entrepreneurial or business aspect of the provision of services aside from medical competence is implicated, or aside from medical malpractice based on the adequacy of staffing, training, equipment or support personnel. Medical malpractice claims recast as CUTPA claims cannot form the basis for a CUTPA violation. . . . Accordingly, within this framework, we must review the plaintiff's allegations of CUTPA violations and look to the underlying nature of the claim to determine whether it is really a medical malpractice claim recast as a CUTPA claim." Haynes v.Yale-New Haven Hospital, 243 Conn. 17, 38, 699 A.2d 964 (1997).
In the present case, the plaintiff alleges that "the [d]efendant has actively engaged in a business practice of covering up [certain] deficiencies by adopting policies designed to thwart the opportunity of a patient injured by its misrepresentations to determine if the [d]efendant was negligent, specifically by refusing to allow pap smear slides to leave its facility when the patient seeks review by another medical CT Page 4586 provider to determine potential negligence." The plaintiff also alleges that this policy "was designed with the intent of imposing significant additional cost upon a patient victim of negligence . . . when the [d]efendant freely permits patient's pap smear slides to leave its facility when it does not suspect the patient is contemplating a negligence claim." The plaintiff claims that the Hospital developed this practice "to prevent information regarding misinterpreted pap smear slides from being conveyed to the public in order to continue representing itself as a first class medical facility and to encourage the public to continue to purchase it services and to deceive potential consumers about the level of quality of its services."
The plaintiff's allegations impart the "entrepreneurial or business aspect of medical services" apart from the medical competence of the hospital. Therefore, count four of the plaintiff's complaint is legally sufficient. The motion to strike count four of the complaint is denied.
The defendants move to strike the fifth count of the complaint on the ground that it "fails to allege a legally cognizable claim for [r]ecklessness."
"Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . ." (Citation omitted; internal quotation marks omitted.) Dubay v.Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988).
The cause of action for recklessness has been summarized by a trial court citing Dubay as follows: "In order to rise to the level of recklessness, [the] action producing the injury must be intentional and characterized by highly unreasonable conduct which amounts to an extreme departure from ordinary care. . . ."Prudential Property Cas. v. CL P, Superior Court, judicial district of New Haven at Meriden, Docket No. 255016 (Jun. 27, 1997, Gaffney, J.).
"The allegations of one count of a complaint based on common law reckless conduct must be separate and distinct from the allegations of a second count sounding in negligence. . . . There is CT Page 4587 a wide difference between negligence and reckless disregard of the rights or safety of others. . . . A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made. . . . In other words, it is clearly necessary to plead a [common law] cause of action grounded in recklessness separate and distinct from a negligence action." Prudential Property Cas. v. CL P, supra, Superior Court, Docket No. 255016.
In the present case, the plaintiff, in count five, states only that "[t]he aforementioned conduct of the [d]efendant constituted a reckless indifference to the rights of the [p]laintiff and created an unnecessary and unreasonable risk of bodily injury to the [p]laintiff." This statement is conclusory at best. The plaintiff fails to indicate what specific conduct by the defendants, above and beyond the conduct alleged in the negligence counts, amounts to recklessness. The fifth count of the complaint is legally insufficient. Therefore, the defendants' motion to strike the fifth count of the complaint is granted.
So Ordered.
D'ANDREA, J.