[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO PRECLUDE AND FOR DISMISSAL
The plaintiff, Felix Viera, has filed a three count medical malpractice complaint against the defendants, Yale New Haven Hospital, Dr. Peter Beardsley, and Dr. Faud Hajjar. The complaint makes the following allegations: Between 1989 and 1992, the plaintiff underwent chemotherapy for his leukemia at Yale New Haven Hospital. This treatment was terminated for a brief time in 1993. In June or July of 1993, however, after the plaintiff was found to have relapsed, he underwent a bone marrow transplant to save his life. Sometime thereafter, the chemotherapy was continued in stronger doses. The plaintiff additionally alleges that both before and throughout the chemotherapy regime, he repeatedly asked the hospital, its agents and the physicians attending him whether he would be capable of fathering children CT Page 4489 after the chemotherapy treatment. The plaintiff alleges that the defendants invariably refused to discuss this matter with him.
On or about April 17, 1994, the plaintiff was admitted to The Children's Hospital in Boston where he underwent an autologous bone marrow transplant. While he was at Children's hospital, he inquired again as to whether he would be able to father children and underwent a sperm test. This test revealed that the plaintiff had no viable sperm and that it would be impossible for him to father a child.[1]
Each of the three counts alleges that the plaintiff was denied his right to make an informed consent to the chemotherapy regime because the defendants were negligent in failing to disclose that said chemotherapy could result in permanent sterility and in failing to disclose "sperm banking" or the freezing of sperm as options available to the plaintiff because of the alleged sterility risk.
On November 19, 1999, the plaintiff filed what purported to be a disclosure of Dr. Dilmer Diaz as his expert witness pursuant to Practice Book § 13-4. As to subject matter of the testimony, the plaintiff indicated in very general terms that Diaz would render findings and opinions about the cause of the plaintiff's injuries, the permanence and severity of these injuries and the effect of the injuries on his life. Finally, as to the substance of the facts and opinions of the testimony, the plaintiff indicated that Diaz would testify to having conducted an examination of the plaintiff, reviewed the plaintiff's medical records, and diagnosed a permanent and irreversible condition. The plaintiff indicated that Diaz would additionally testify that it was his opinion that the injury to the plaintiff's reproductive system was permanent. The defendants promptly filed a motion for an order of compliance, contending that the plaintiff's disclosure of expert was too "vague and unhelpful" to meet the requirements set forth in Practice Book § 13-4(4).
By order dated December 14, 1999, the court, Alander, J., ordered the plaintiff to file, within 30 days, a disclosure of expert pursuant to Practice Book § 13-4(4) and Meizies v. Wawa, Superior Court, judicial district of New Haven at New Haven, Docket No. 377633 (December 15, 1995, Corradino, J.) (15 Conn. L. Rptr. 537, 537-38). The court specified that the disclosure should state the facts and opinions about which the expert was expected to testify and a summary of the grounds for each CT Page 4490 opinion. The plaintiff did not comply with this order.
On March 8, 2000, the defendants filed the present motion to preclude the plaintiff's expert testimony and an order of dismissal. At oral argument, which was held on April 3, 2000, the date on which the parties had been called in to commence jury selection, the undersigned granted the defendants' motion to preclude the plaintiff's expert[2] and reserved decision on the motion to dismiss. Having reviewed the briefs[3], the court now concludes that the defendants are entitled to a judgment dismissing the case against them.
The defendants contend that the plaintiff's failure to disclose an expert in this medical malpractice action is fatal to his ability to meet his burden of proof as to the defendants' duty and breach of duty. The defendants also claim that the plaintiff's failure to provide a disclosure after a prior order from the court, Alander J., is itself a ground for dismissal. The court finds the first of these arguments to be dispositive.
The plaintiff argues in opposition that no expert testimony is necessary where the claim is malpractice based on lack of informed consent.[4] "Malpractice is commonly defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services. . . ." (Citations omitted; internal quotation marks omitted.) Davis v. Margolis,215 Conn. 408, 415, 576 A.2d 489 (1990).
In a medical malpractice action based on lack of informed consent, "the plaintiff must prove both the duty and the breach of that duty through expert testimony." Mason v. Walsh,26 Conn. App. 225, 229-30, 600 A.2d 326 (1991), cert. denied,221 Conn. 909, 909, 602 A.2d 9 (1992), citing Cross v. Huttenlocker,185 Conn. 390, 393, 440 A.2d 952 (1981). "In order to establish the existence of a duty to inform, the plaintiff must show through expert testimony that the customary standard of care of physicians in the same practice as that of the defendant doctor was to obtain the patient's consent prior to performing an operation." Id., 230, citing Shenefield v. Greenwich HospitalAssn., 10 Conn. App. 239, 248-49, 522 A.2d 829 (1987). Once the existence of the duty to inform has been established, the degree or extent of disclosure necessary to satisfy the duty must be CT Page 4491 proven in accordance with the lay standard." Id., citing Logan v.Greenwich Hospital Assn., 191 Conn. 282, 292, 465 A.2d 294. 1983). The lay standard of disclosure obligates "the physician to provide the patient with that information which a reasonable patient would have found material for making a decision whether to embark upon a contemplated course of therapy." Id., 292-93, relying on Canterbury v. Spence, 464 F.2d 772, 787-88 (D.C. Cir. 1972), cert. denied, 409 U.S. 1064, 93 S.Ct. 560, 34 L.Ed.2d 518
(1972).
Because the plaintiff's purported expert witness has been precluded from testifying, he will not be able to meet his burden of proof with regard to establishing the duty and breach elements of medical malpractice based on lack of informed consent. SeeGemme v. Goldberg, 31 Conn. App., 527, 536, 626 A.2d 318
(1993) (directing a verdict for defendant as preclusion of plaintiff's expert resulted in plaintiff's inability to establish duty and breach of that duty in medical malpractice case based on informed consent.). As in Gemme, the plaintiff's failure in this case would inevitably lead to a directed verdict here as well if the case were permitted to proceed to trial. Under these circumstances, the defendants' motion to for a judgment of dismissal ought to be, and hereby is, granted.
Jonnathan E. Silbert, Judge