[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO PRECLUDE
The defendant, Thomas Devers, M.D., has moved to preclude the plaintiff from offering evidence from Drs. Leon Sykes and Jonathan Marmur against him in the trial of this action. This defendant claims that after the court's ruling of August 10, 2001, the disclosures with respect to the foregoing proposed experts still comply with neither Practice Book §13-4, nor the court's ruling. The court agrees that the Amended Disclosures do not comply with § 13-4. However, in reviewing the CT Page 267 ruling of August 10, 2001, the court finds that it was not sufficiently clear to permit the court to preclude the testimony of the foregoing experts without affording the plaintiff some additional time to amend the disclosure.
The unclear portion of the August 10, 2001 ruling is as follows: "a description of the specific treatment of plaintiff's decedent which was required under the prevailing standard of care."
The Amended Disclosure of September 10, 2001 states in pertinent part:
 Dr. Sykes [Marmur] will testify the New Britain General Hospital and the physicians involved with the plaintiff's decedent's care and treatment in September 1996, including, but not limited to, Dr. DeRossi, Dr. Leach and Dr. Massi, departed from the standard of care in that they failed to timely diagnose and treat aortic dissection; they failed to transfer the plaintiff's decedent for surgical repair of the aortic dissection; they failed to recognize the existence of a surgical emergency; they failed to adequately and properly control his hemodynamic stroke. These departures were a substantial factor in causing the premature death of the plaintiff's decedent.
 He will further testify that the medical intervention that was required in order to save the plaintiff's decedent's life was surgical repair of the aortic dissection, and the specific treatment that should have been undertaken by the defendants was an early transfer of the plaintiff's decedent to an institution capable of performing that repair.
If there was only one defendant here, the foregoing disclosure might be adequate. However, the defendants in this case are New Britain General Hospital, Barry Steckler, M.D., an internist, Charles N. Leach, M.D., a cardiologist, John DeRossi, M.D., a surgeon, Hiroyoshi Takata, M.D., a surgeon, Rober Malkin, M.D., a cardiologist, Robert Borkowski, M.D., a cardiologist, Thomas Devers, M.D., a gastroenterologist, James Massi, M.D., a surgeon, and Bennett Kashdan, M.D., a radiologist. In light of the number of defendants and the fact that each had differing involvement in the treatment of the plaintiff's decedent, the Amended Disclosure is insufficient for the reasons stated by the court in Meizies v. Wawa,1995 Ct. Sup. 13907, 15 CLR 537, No. 377633 (Dec. 15, 1995, Corradino, J.) ("Opposing counsel is merely told the general areas about which the expert will testify and the very general sources on which his opinions CT Page 268 will be based not the basis or grounds of particular opinions he has arrived at.").
As stated above, the Amended Disclosure may technically comply with the court's order. However, that order was ill worded and is hereby amended as follows:
It is ORDERED that the disclosures as to Drs. Leon Sykes and Jonathan Marmur shall state: 1) the specific role that each defendant played in the treatment of the plaintiff's decedent, i.e., saw the patient at 6 am when patient first presented in ER, consult at request of request of Dr., etc., 2) the source of the expert's information concerning that specific role, and 3) the way or ways in which the specific treatment of the patient by each specific physician did not comply with the applicable standard of care. This disclosure shall be filed on or before January25, 2002. If the disclosure is not filed, or if it fails to comply with this order, then the plaintiffs will be precluded from offering the testimony of Drs Sykes or Marmur against Dr. Devers or any other defendant who has previously moved to preclude the testimony of those experts.[1]
By the court,
Aurigemma, J.