DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on appeal of the March 23, 2006 judgment of the Lucas County Court of Common Pleas which granted defendants-appellees Mark E. Lewis, D.O. and St. Vincent Mercy Medical Center's motion for summary judgment against the claims filed by plaintiff-appellant Shelby M. Durell. For the reasons that follow, we affirm the trial court's decision.
 {¶ 2} Appellant commenced this action on December 10, 2004.[1] In her complaint, appellant alleged that, following a work-related injury on July 29, 2000, Dr. Lewis referred her to Brian S. Sandler, D.O., in Mishawaka, Indiana, for prolotherapy injections.[2] As a result of one of the procedures, appellant sustained a serious injury to her spinal cord; appellant is numb on one side of her body and has additional neurological disabilities. Appellant is no longer able to work as a Toledo Police officer and has difficulties with daily living tasks.
 {¶ 3} Appellant alleged that Dr. Lewis, an employee of St. Vincent Mercy Medical Center,[3] was negligent referring her for "unconventional" medical treatment without first informing her of the risks associated with prolotherapy. Specifically, appellant contends that Dr. Lewis departed from a reasonable standard of care when he failed to inform her that the neurolytic agent phenol would be used in the injections and that Dr. Sandler would be performing the injections without fluoroscopic guidance.
 {¶ 4} On January 31, 2006, appellees filed a motion for summary judgment. Their main argument was that under Ohio law, Dr. Lewis could not be liable for "negligent referral." Alternatively, appellees argued that even if such a claim were recognized, it was undisputed that, at the time of the referral, Dr. Sandler was competent.
 {¶ 5} Appellant, in her response to appellees' motion, argued that Dr. Lewis deviated from the standard of care because he was directly aware that (based on the fact that Dr. Sandler had performed prolotherapy on Dr. Lewis) Dr. Sandler often used phenol in the injectable mix. Appellant also argued that, based on the expert witness testimony of Dr. Marc Soriano, fluoroscopic guidance was necessary when injecting in the cervical spine area. Finally, appellant linked the acts of Dr. Sandler to Dr. Lewis by arguing that Dr. Lewis acted as a "co-treater" with Dr. Sandler. Specifically, appellant argued that Dr. Lewis "actively promoted" phototherapy by securing approval from appellant's workers' compensation plan administrator; the "promotion" included providing the administrator a copy of Dr. Sandler's promotional brochure indicating that the procedure was "extremely safe."
 {¶ 6} On March 23, 2006, the trial court granted appellees' motion for summary judgment. The court concluded that appellant's negligent referral claim did not state a cause of action in Ohio and that Dr. Sandler, not Dr. Lewis, was required to inform appellant of the risks of prolotherapy. This appeal followed.
 {¶ 7} Appellant now raises the following assignment of error:
 {¶ 8} "1. The trial court committed prejudicial error in granting the motion of the defendants/appellees Mark E. Lewis, D.O. and St. Vincent's Mercy Medical Center for summary judgment, against the plaintiff/appellant, Shelby M. Durell, when there were genuine issues of material facts upon which reasonable minds could differ and those facts were not construed in a light most strongly in favor of the appellant, and defendants/appellees were not entitled to judgment as a matter of law."
 {¶ 9} Initially, we note that appellate review of a trial court's grant of summary judgment is de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 1996-Ohio-336. Accordingly, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. OfCommrs. (1993), 87 Ohio App.3d 704, 711. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v. Burt (1996),75 Ohio St.3d 280, 294, 1996-Ohio-107. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).
 {¶ 10} In her sole assignment of error, appellant argues that the trial court erred in granting appellees summary judgment based solely on the basis that negligent referral is not a cause of action in Ohio. Appellant contends that Dr. Lewis was negligent in his care of appellant under several negligence theories; such theories include: 1) a duty of reasonable care as appellant's treating physician and fiduciary; 2) a duty of reasonable care to inform appellant of all known risks or treatment alternatives; 3) a duty to avoid negligent misrepresentation; 4) a duty based on Dr. Lewis inducing appellant's reliance; 5) a duty to provide appellant and the workers' compensation plan administrator with clear information; and 6) a duty to obtain appellant's informed consent. Appellees maintain that no evidence exists that Dr. Lewis knew the specific methodology that Dr. Sandler would be using and that Dr. Lewis was not required to obtain appellant's informed consent; regardless, Dr. Sandler did, in fact, obtain appellant's informed consent.
 {¶ 11} Regarding the issue of informed consent, appellant distinguishes Stephens v. Coith (S.D. Ohio Aug. 31, 1990), Case No. C-1-89-0104, which was relied on by the trial court for the proposition that Dr. Sandler, not Dr. Lewis, was responsible for informing appellant of the risks involved with phototherapy. Instead, appellant relies on two cases which Stephens distinguished: Kashkin v. Mount Sinai Med.Ctr. (N.Y.Sup.Ct. 1989), 538 N.Y.S.2d 686 and Prooth v. Wallsh
(N.Y.Sup.Ct. 1980), 432 N.Y.S.2d 663. In Kashkin, a specialist referred a patient to another physician to perform a diagnostic procedure. The court held that because the specialist referred his patient for a diagnostic procedure, he "formally ordered" the procedure and, thus, was required to obtain informed consent. Id. at 688. In Prooth, the court found that the treating physician, who recommended the operation, and the chief surgeon, who performed the operation, each had a duty to obtain the patient's informed consent. Id. at 666.[4]
 {¶ 12} In Stephens, the admitting/attending physician referred the decedent to a cardiologist. The cardiologist scheduled the catheterization; although he discussed the case with the attending physician, it was the cardiologist's ultimate decision to perform the procedure. Id. The Stephens court further noted that it could find no Ohio case law which places a duty to obtain informed consent on the referring physician. Id.
 {¶ 13} Upon review of the above-cited cases, we find that, as inStephens, Dr. Lewis was not required to obtain appellant's informed consent. Dr. Lewis did not perform the prolotherapy injections and, despite appellant's characterization that Dr. Lewis "prescribed" prolotherapy, the deposition testimony of Dr. Sandler clearly provides that Dr. Sandler was to make his own evaluation and determination of whether phototherapy was an appropriate course of treatment for appellant.
 {¶ 14} Appellant makes numerous additional arguments as to why Dr. Lewis was negligent in his treatment of appellant. However, upon review of these arguments we must conclude that they are merely a repackaging of the failed informed consent and negligent referral claims.[5] Based on the foregoing, and after careful review of the depositions and affidavits filed in this matter and the applicable case law, we find that because no genuine issues of fact remain for trial, the trial court did not err when it granted appellees' motion for summary judgment. Although we sympathize with appellant, we must find that her assignment of error is not well-taken.
 {¶ 15} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J. CONCUR.
[1] On December 12, 2003, the original complaint was voluntarily dismissed.
[2] Prolotherapy is a procedure whereby a substance is injected into the body to promote the growth of normal cells. At issue in this case is inflammatory prolotherapy which involves injecting a sugar water solution into a weakened ligament near where the ligament is attached to the bone. The theory is that the inflammation increases blood flow to the area thereby stimulating the ligament to repair itself.
[3] Dr. Michael Reithmiller, Occupational Health Services, and Mercy Health Partners were also named as defendants; on March 17, 2006, they were voluntarily dismissed.
[4] A subsequent Supreme Court of New York case explicitly disagreed with Prooth as follows:
"[I]t is the responsibility of a physician to obtain informed consent to those procedures and treatments which the physician actually prescribes or performs.
"Aside from Prooth v. Wallsh, 105 Misc.2d 603, 432 N.Y.S.2d 663, research has not disclosed other cases in New York which address the question of the responsibility to obtain informed consent by physicians who neither formally order nor actually perform a procedure. Courts in other states appear to have adhered to the rule that a physician's duty to obtain informed consent from a patient arises only when the physician formally orders or actually performs a procedure or conducts a course of treatment." Nisenholtz v. Mount Sinai Hosp. (N.Y.Sup.Ct. 1984),483 N.Y.S.2d 568, 572.
[5] In her appeal, appellant has not argued (at least not in specific terms) the trial court's rejection of her negligent referral claim.