JOSEPH  NEUBAUER
*vs.*
LIQUOR  CONTROL  COMMISSION

Superior Court          Hartford County          File No. 60888

MEMORANDUM FILED JANUARY 16, 1940.

*Monroe S. Gordon,* of New Britain, and *Samuel Rosenthal,* of Hartford, for the Plaintiff.

*Francis A. Pallotti, Attorney General,* and *Leo V. Gaffney, Assistant Attorney General,* for the Defendant.

INGLIS, J. This is an appeal from the action of the Liquor Control Commission in revoking a restaurant permit. The appeal alleges that the restaurant permit was issued and that after hearing on June 26, 1939, it was revoked. These allegations are admitted in the answer. The appeal then alleges that the appellant is a suitable person, that the permit premises is a restaurant within the contemplation of the act and that the appellant claims that the commission acted arbitrarily, contrary to the facts and has abused its discretion. These allegations are denied in the answer.

The defendant now moves for judgment, not on the pleadings, but "on the basis of the finding of facts made by the Liquor Control Commission, and submitted to this court as Exhibit A in this case." With the motion the defendant filed what purported to be a transcript of all of the evidence taken before the commission and a formal finding of facts made by the commission on that evidence giving the reasons of the commission for revoking the permit. It was agreed upon the hearing on this motion that the only question which should be decided at the present time is as to whether such a motion was proper procedure or whether there must be a trial of the case

upon which evidence might be produced, and that the question as to what judgment should be arrived at on the merits in this case should be left to future determination.

It, of course, has been the practice to take evidence in such appeals from the Liquor Control Commission. This has caused long delays and the broad question which the commission wants decided is as to whether there is any way in which such trials and delays can be avoided.

It is now well settled that the only issue on appeals from the refusal of the commission to grant a permit or from its action in revoking a permit is as to whether the commission acted illegally or arbitrarily. *Skarzynski vs. Liquor Control Commission*, 122 Conn. 521. There are, however, at least two classes of acts by the commission which may be claimed to be illegal or arbitrary. There are acts, first, which are outside the record made before the commission, and, second, acts which do appear on that record. As examples of illegality or arbitrariness of the first class which might in some cases be claimed to have occurred, would be the bias or fraud of the commissioners or possibly the claim that no proper hearing was had or, if had, that the appellant had had no notice of it. If such issues are injected into an appeal it is, of course, obvious that a trial of the case must be had and evidence taken on the subject. In the same way, if the commission did not record all of the evidence taken before it and all of the facts within its knowledge together with its findings of fact and conclusions thereon and the question on appeal was as to whether the commission acted unreasonably in making its findings or drawing its conclusions, then under those circumstances the court would have to take evidence as to what was before the commission upon which it based its findings.

However, most appeals are based on claimed illegality or arbitrariness of the second class above referred to. That is, it is claimed, as it apparently is claimed in this case, that the commission acted illegally and arbitrarily in that its findings were unreasonable on the evidence before it or that it misapplied the law to those findings.

In *Skarzynski vs. Liquor Control Commission, supra,* at page 525, the court says: "If it should appear from the records of the commission that an applicant offered no evidence before it as to some fact which the Legislature has made a condition of the issuance of a permit, and the permit was refused on that

ground, proof before the court that he actually had complied with the condition would not justfy an order to the commission that the permit issue; and this would be true if the evidence upon a disputed issue before the commission would reasonably justify it in coming to the conclusion it reached, even though the trial court would have reached a different conclusion upon that evidence or upon the evidence offered before it." Accordingly, it follows that in any case where the only question is as to whether the commission acted illegally or arbitrarily in that its findings were unreasonable or it misapplied the law to its findings, all that the court should take into consideration is the evidence before the commission and the commission's findings and conclusions. If that all appears in the record made before the commission, that record is all that the court needs and all that the court ought to consider.

There are two ways of getting such record before the court. One is to prove it in evidence on the trial. The other is to allege it in the pleadings and then procure an admission in the pleading of the adverse party that it is the full record made before the commission. If that is done and no other issue of fact is raised by the pleadings, then a motion for judgment on the pleadings would be in order. Under such circumstances all of the facts proper to be before the court would be admitted on the pleadings and judgment could properly be rendered thereon.

In the present case that latter procedure has not been followed. Parenthetically, it might be pointed out that the fact that it is alleged in the appeal and denied in the answer that the appellant is a suitable person and that his premises are a restaurant under the law would, in itself, offer no obstacle to rendering judgment on the pleadings because those are not the issues upon which the case must be decided. The case must be decided rather on the question as to whether the commission, on the evidence before it, acted illegally in concluding that the place was not a restaurant. The real difficulty lies in the fact that it is not alleged and admitted in the pleadings in this case that the record annexed to the motion is the record and the whole record made before the commission. In the first place, judgment is asked for "on the basis of the finding of facts made by the Liquor Control Commission", not on the basis of the whole record made before the commission. In the second place, it is not alleged that what appears to be the whole record which was filed as Exhibit A is such record and, of course, it is not admitted by the appellant on the face of the pleadings that it

is such a record. And in the third place, although a motion for judgment on the pleadings is recognized in our practice, a motion for judgment without trial based on something outside of the pleadings and without a default is an anomaly.

For the foregoing reasons, the motion for judgment is denied.