DEBRA COOPER, ADMINISTRATRIX (ESTATE OF ALAN BENJAMIN COOPER) *v.* RICHARD A. KETOVER ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 138416

Memorandum filed May 10, 1978

*Cohen & Wolf*, for the plaintiff.

*Reilly, Peck, Raffile & Lasala*, for the defendant Madison Hardware, Inc.

GRILLO, J. This action arises out of the death of the plaintiff's decedent on September 28, 1973, caused by an explosion fire which occurred when the plaintiff's decedent was using a certain chemical product, "Kutzit," purchased by the decedent at the place of business of the defendant Madison Hardware, Inc. (hereinafter called Madison). The cardinal, and only, issue raised by the defendant and on which is predicated its claim for a judgment on the pleadings is the contention that the plaintiff's action is barred by the statute of limitations, General Statutes § 52-555.[1] More precisely, it is the claim of the defendant that the amendment to the original cause of action so deviated from the latter that it introduced a new cause of action more than two years after September 28, 1973, and that such an action is barred by § 52-555.

Consideration of the motion requires a recital of the pertinent pleadings filed by the parties: The original action was instituted against several defendants, including the Madison Lumber & Supply Company, and was made returnable on the third Tuesday of February, 1974. On March 19, 1974, the plaintiff was granted permission to cite in Madison Hardware, Inc., alleging that in the orig-

---

[1] "[General Statutes] Sec. 52-555. ACTIONS FOR INJURIES RESULTING IN DEATH. In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault . . . provided no action shall be brought to recover . . . but within two years from the date when the injury is first sustained . . . ."

inal complaint Madison was erroneously designated as Madison Lumber & Supply Company and that the defendant refused "to waive this technical defect." The so-called amended complaint — really an original complaint insofar as Madison is concerned — was served on Madison on April 27, 1974, well within the two-year period of the death of the plaintiff's decedent. The complaint, succinctly stated, alleged that the death of the plaintiff's decedent was caused by a breach of implied warranty of fitness on the part of Madison. It also averred that the "defendants [sic] negligently gave false information to the deceased that the product Kutzit was suitable for the purpose for which required when in fact it was not." Implicit in the complaint is the assertion that the death of the plaintiff's decedent was proximately caused by a breach of implied warranty and by the negligent giving of false information.

Subsequently, on October 27, 1975, and on December 10, 1975—more than two years after the incident alleged in the plaintiff's original complaint, including the death of the plaintiff's decedent—amended complaints were filed and, insofar as Madison is concerned, a change in the allegations of negligence was made. (The reference to implied warranty was omitted. The court, therefore, subsequently expunged the allegation pertaining to the giving of notice relative to the breach of warranty.) This change eliminated the verbiage of the previous claim of negligence—the giving of false information by the defendant Madison. Those two amendments set forth pleadings to the effect that the death was caused by the negligence of Madison in that it placed on the market the product Kutzit "with inadequate warnings" to the plaintiff's decedent. This allegation was then followed by allegations setting forth several respects in which the alleged warnings were

deemed inadequate. The answer of Madison denied those allegations, and Madison, in addition, proffered a special defense to the effect that the claim of inadequate warning was first made in the December 10, 1975, amendment. (The pleadings indicate that the "inadequate warnings" allegation was also included in the October 27, 1975, amendment. The selection of either date, however, is sufficient to determine the basic issue, as will be obvious.) Madison maintains in its special defense that those allegations of inadequate warning are based on different claims of fact than those set forth in the original complaint and that they were advanced more than two years from the date of the death of the deceased and that the cause of action based upon negligence was barred by the provisions of § 52-555. In her reply the plaintiff denied the allegations of the special defense in toto.

At the outset, it is noted that while the giving of false information may not be equated unqualifiedly with giving an inadequate warning, the two allegations are not necessarily incongruous. "Inadequate" is defined as "insufficient, deficient," and "false" is defined as "erroneous, incorrect . . . not well founded." Webster's Third New International Dictionary. Thus, one may give information that is deficient in that it contained false data.

The defendant has provided the court with several citations supportive of its claim that the cause of action asserted in the amendment claimed to be barred is not the same cause of action originally alleged: *Keenan* v. *Yale New Haven Hospital,* 167 Conn. 284, 285–86 (original malpractice complaint alleged negligence; amendment to complaint asserting assault held barred by statute of limitations); *Gallo* v. *G. Fox & Co.,* 148 Conn. 327, 331–32 (allegations as to fall from escalator held to state cause

of action distinct from allegations as to fall caused by defective floor); *Steinecke* v. *Medalie,* 139 Conn. 152, 154–55 (amendment to complaint asserting broken, crooked passageway held improper where original complaint alleged unsafe passageway by reason of accumulation of hard-packed or frozen snow); *Lund* v. *Trojanski,* 29 Conn. Sup. 69, 71–72 (amendment to complaint held barred by statute of limitations where original complaint stated no cause of action); *Beauvillier* v. *Finn,* 25 Conn. Sup. 361, 362–63 (original complaint sounded in mere negligence; amendment asserting wanton misconduct held barred by statute of limitations); *Bransfield* v. *Goodrich Tire Co.,* 23 Conn. Sup. 365, 366–67, 1 Conn. Cir. Ct. 244, 245–46 (amendment to complaint alleging personal injuries barred by statute of limitations where original complaint asserted automobile property damage only). The attempted "shift" in the allegations in those cases is clearly distinguishable from the change made in the amendment to which Madison objects.

Connecticut courts have been liberal in allowing amendments to a complaint from early days. See *Beers* v. *Woodruff & Beach Iron Works,* 30 Conn. 308, where an action for fraud in the manufacture of a steam boiler was allowed to be amended whereby the cause of action was made to be negligence in its manufacture. See also *Johnston* v. *Sikes,* 56 Conn. 589, and cases cited therein, relating to this liberal policy. This trend has been continued to the present day: *First Federal Savings & Loan Assn.* v. *Deane,* 29 Conn. Sup. 505, 506 (filing of "Substitute Complaint" containing two counts sounding in contract held to relate back to date of original complaint containing two counts sounding in negligence); *Briggs* v. *Merrell,* 27 Conn. Sup. 60, 62 (substituted complaint asserting breach of warranty, negligence and fraud held proper as amplification or expansion

of cause of action sounding in breach of warranty asserted in original complaint). "Our courts have pursued a liberal policy in allowing amendments." *Johnson* v. *Toscano,* 144 Conn. 582, 587. The intention of Connecticut courts to continue that policy has recently been reaffirmed. *Wesson* v. *F. M. Heritage Co.,* 174 Conn. 236, 239. These sanctioned amendments relate back to the date of the complaint. *Keenan* v. *Yale New Haven Hospital,* 167 Conn. 284, 285; *Baker* v. *Baker,* 166 Conn. 476, 486. The amendment to the complaint does not relate back, however, when it sets up a new and different cause of action. *Cofrancesco* v. *Smith,* 29 Conn. Sup. 139, 143.

A change in or an addition to a ground of negligence or an act of negligence does not change the cause of action where the group of facts originally claimed to have brought about the injury is not changed. *Gallo* v. *G. Fox & Co.,* supra, 330. The court has stated heretofore the gravamen of the plaintiff's complaint as to how the injuries occurred, i.e., the explosion of the product Kutzit. A change in the allegations of liability does not introduce a new cause of action. 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 99, p. 408.

The court concludes that the amendment to the complaint which Madison seeks to have dismissed by the present motion is merely an amplification and expansion of the original complaint against Madison by setting forth in greater detail the manner in which Madison was negligent, and this procedure cannot be deemed the instituting of a new cause of action. The plaintiff has not altered the single group of facts providing the fulcrum of her cause of action.

The propriety of this motion from a procedural standpoint was not questioned by either of the parties. The court, however, is constrained to conclude that the state of the pleadings is such that resorting

to a motion for a judgment on the pleadings is an erroneous method of securing a judgment. Here the special defense of the statute of limitations is denied by the plaintiff. Thus, a justiciable issue is advanced putting the defendant upon proof of the facts alleged. Furthermore, the plaintiff, even under her general denial, could offer evidence in avoidance of the statute of limitations, such as that demonstrating estoppel, protecting her from the thrust of the statute. Estoppel does not require a special pleading. *DelVecchio* v. *DelVecchio,* 146 Conn. 188, 195. For an example of factors calling into play the doctrine of estoppel in avoidance of the statute of limitations, see *Kilburn* v. *Keenan,* 27 Conn. Sup. 394, 397.

"The motion [for judgment on the pleadings] would seem to be available . . . to a plaintiff when the defendant admits the allegations of the complaint and pleads no special defense; to a defendant when the plaintiff *admits* the allegations of a special defense . . . ." (Emphasis added.) 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 120, p. 493; cf. *DelVecchio* v. *DelVecchio,* supra, 191. " 'The motion [for judgment on the pleadings] is of limited utility, for it requires a situation where the parties are willing to admit the facts and place their entire case on the legal issues raised . . . . It operates much in the way of a common law demurrer.' " *Boucher Agency, Inc.* v. *Zimmer,* 160 Conn. 404, 409. "If there is joined an issue of fact upon which, if supported by the evidence, a valid judgment may be based, a judgment on the pleadings is improper." 61 Am. Jur. 2d, Pleading, § 230, p. 652 and n.20; *Norris* v. *Lilly,* 147 Cal. 754, 757–58; *Breckline* v. *Metropolitan Life Ins. Co.,* 406 Pa. 573, 576. See *Lytle* v. *Payette-Oregon Slope Irrigation District,* 175 Ore. 276, 294. "The court cannot anticipate what the proof will show." 61 Am. Jur. 2d, Pleading,

§ 230, pp. 652–53 and n.1; *Reid* v. *Karoley,* 229 Ark. 90, 92; *Wooten* v. *Standard Life & Casualty Ins. Co.,* 239 S.C. 243, 249.

The motion for a judgment on the pleadings is denied.