[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR ORDER (#124)
On January 12, 1996, the plaintiffs, Dorothy Nettleton and Laurie Welch each received a verdict against the defendant, John S. Arno in the amount of $175,000.00. The plaintiffs have filed a post-trial motion for offer of judgment interest pursuant to General Statute § 52-192a.
On March 16, 1995, the plaintiffs filed an offer to compromise their claims and to stipulate judgment "for the plaintiffs in the amount of $300,000.00." Since the offer of judgment was filed within eighteen months of the date the writ was filed on February 28, 1994, the provisions of the statute apply. Likewise, the verdict of $350,000.00 was in excess of the offer of judgment. The statute provides in pertinent part that "(a) After commencement of any civil action based upon contract or seeking the recovery of money damages, whether or not other relief is sought, the plaintiff
may before trial file with the clerk of the court a written `offer of judgment' signed by him or his attorney, directed to the defendant or his attorney, offering to settle the claim underlying CT Page 3185 the action and to stipulate to a judgment for a sum certain . . ." (Emphasis added)
The statute specifically refers to "the plaintiff" offering to settle the claim. It does not refer to the plaintiffs offering to settle their claims. It is fundamental that courts cannot by construction, read into legislation provisions not clearly stated.Local 218 Steamfitters Welfare Fund v. Cobra Pipe Supply CoilCo., 207 Conn. 639, 645. Likewise, a statute must be applied as its words direct. Johnson v. Manson, 196 Conn. 314. If a statute is clear and unambiguous, there is no room for construction.Cilley v. Lamphere, 206 Conn. 6, 9. Section 52-192a is clear on its face. It refers to "the plaintiff" and "the claim." The statute leaves no room for construction or enlargement.
It is clear that the purpose of the statutes is to encourage early, fair and reasonable settlements, and to encourage plaintiffs to make offers of judgment promptly. See Goral v. Kenney, 26 Conn. App. 239;Lutynski v. B. B. J. Trucking Co., 31 Conn. 806, 814. The offer in this case was made to two unrelated plaintiffs in the total amount of $300,000.00. It is not an offer of $150,000.00 for each plaintiff. Had the defendant offered to pay only one plaintiff $150,000.00 would that offer have avoided the effect of the statute? The court thinks not since the offer was to settle both cases.
It is the amount of a judgment, not the amount of a jury verdict, that determines whether interest is to be awarded.Civiello v. Owens-Corning Fiberglass Corporation, 208 Conn. 82. In this case each plaintiff received a judgment of $175,000.00. Neither received a judgment of $300,000.00 or more.
The court finds that the plaintiffs' offer of judgment, not being separated as to individual claims is not in accord with the terms of the statute and therefore the motion for interest pursuant to section 52-192a is denied.
PICKETT, J.