[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Ruling Re: Defendant's Objection to Request to Amend (File #114)
CT Page 10090
Plaintiff filed a request for leave to amend her complaint (#112) with the proposed amendment annexed thereto; defendant filed an objection to the amendment (#114). The issue framed by these filings is whether the amended complaint contains allegations setting forth a new cause of action, not relating back to the original complaint, which is barred by the applicable statute of limitations. Both parties have filed documentation detailing the legal authorities on which they rely. The court conducted a hearing on the objection to the proposed amendment.
The original complaint was filed on November 8, 1996. Plaintiff alleged that defendant, a podiatrist, negligently performed a surgical procedure on plaintiff's toe in an attempt to relieve severe pain and discomfort. Further, that as a result of defendant's negligence in connection with this surgical procedure, plaintiff suffered additional pain and suffering was required to undergo further treatment by another podiatrist.
On February 2, plaintiff filed a request for leave to amend her complaint pursuant to Practice Book 10-60. Defendant filed an objection on the ground that the proposed amended complaint alleges a new cause of action barred by the statute of limitations. Plaintiff's initial complaint contained a single count sounding in negligence. It alleged that plaintiff's injuries were caused by defendant's negligence, specifying: (1) defendant used a surgical procedure that failed to fixate fractures caused by the procedure[1]; and, (2) defendant failed to properly monitor plaintiff's condition after completion of the surgical procedure. The first count of the amended complaint alleges both of the above specifications of negligence, and adds as a third, defendant's failure to obtain an informed consent for performance of the surgery. The second count of the amendment, which is based on the defendant's alleged failure to obtain plaintiff's informed consent, alleges a "negligent assault and battery."
Practice Book § 10-60 permits a party to undertake to amend its complaint more than thirty days beyond the return date by filing a request for leave to file such amendment. If the opponent fails to object within fifteen days, the trial court must grant the request. See Dennison v. Klotz, 12 Conn. App. 570,574, 532 A.2d 1311 (1987), cert. denied, 206 Conn. 803,540 A.2d 73 (1988). Where the opponent objects, the trial court has broad CT Page 10091 discretion in deciding whether to allow an amendment to the pleadings. See Connecticut National Bank v. Voog, 233 Conn. 352,364, 658 A.2d 172 (1995). Connecticut courts have pursued a liberal policy in allowing amendments. Johnson v. Toscano,144 Conn. 582, 587 (1957).
Defendant urges the court to deny the request to amend, arguing that the proposed amended complaint alleges a new cause of action which is barred by the statute of limitations, General Statutes § 52-584. That statute provides, in pertinent part: "No action to recover damages for injury to the person . . . caused by negligence . . . or by malpractice of a . . . podiatrist . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . ." Plaintiff's request to amend was filed on March 9, 1999, more than three years from the date that plaintiff suffered her injuries; defendant maintains that the proposed allegations are, therefore, barred by the statutory time limitation. Plaintiff contends that the additional allegations in the proposed amendment are not barred by the statute because they relate back to the original complaint. "Amendments relate back to the date of the complaint unless they allege a new cause of action . . . An amendment to a complaint which sets up a new and different cause of action speaks as of the date when it was filed." (Citation omitted.) Keenan v. Yale New Haven Hospital, 167 Conn. 284, 285,355 A.2d 253 (1974). Accordingly, if the amended complaint alleges a new cause of action, the proposed amendment will be barred by the statute of limitations. If, however, the proposed amendment relates back to the original complaint, it is not time barred. See, e.g., Gurliacci v. Mayer, 218 Conn. 531, 546,590 A.2d 914 (1991)
The pertinent issue is whether the new allegations set forth a new cause of action. "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. . . . Our relation back doctrine provides that an amendment relates CT Page 10092 back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims. . . ." (Citation omitted; internal quotation marks omitted.) Barrett v. Danbury Hospital,232 Conn. 242, 263-64, 654 A.2d 748 (1995).
"A change in or an addition to a ground of negligence or an act of negligence does not change the cause of action where the group of facts originally claimed to have brought about the injury is not changed." Cooper v. Ketover, 35 Conn. Sup. 38, 43,393 A.2d 64 (1978). In Cooper, the plaintiff alleged that he suffered injuries caused by the explosion of a chemical purchased from the defendant. The initial complaint alleged that the defendant negligently gave the plaintiff false information that the chemical in question was suitable for the required purpose. The plaintiff subsequently filed an amended complaint changing that allegation of negligence; the amendment alleged that the defendant was negligent in placing the chemical on the market with inadequate warnings. Noting that an inadequate warning could be construed as a type of false information,[2] the Cooper
court concluded the amendment was "merely an amplification and expansion of the original complaint against [the defendant] by setting forth in greater detail the manner in which [the defendant] was negligent." Id.
Where, however, the plaintiff and the accident itself are identical in each complaint but the alleged negligent acts are different, the newly alleged negligent act may constitute a new cause of action. See Sharp v. Mitchell, 209 Conn. 59, 74 75,546 A.2d 846 (1988). Sharp involved an incident in which three individuals were killed by asphyxiation when, in connection with their employment, they entered an underground petroleum storage facility which was allegedly inadequately ventilated. The plaintiffs, administrators of the three decedents' estates, sued the decedents' employer. The initial complaint alleged that the employer negligently ordered the decedents to enter the defective storage facility. Subsequently, the plaintiffs revised their complaint to add an allegation that the defendants were negligent in designing and constructing the storage facility. The Supreme Court held that the negligent design and construction allegation constituted a new cause of action which was barred by the statute of limitations. See Id., 73-75. The court reasoned that while the plaintiffs' decedents and their ultimate deaths were involved in CT Page 10093 each complaint, the acts of negligence set forth in the two complaints were different. Id., 74. "An employer's claimed negligence in sending his employees into a facility that he allegedly knows is dangerous is not the same negligence as that of a person who negligently designs and constructs a dangerous facility. See also Patterson v. Ezabo Food Service of New York,Inc., 14 Conn. App. 178, 183, 540 A.2d 99 [cert. denied,208 Conn. 807, 545 A.2d 1105] (1988) (fall due to the installation of a slippery floor is separate cause of action from fall due to a floor made slippery by spilled food)." Id., 74-75.
In reaching its holding in Sharp v. Mitchell, our Supreme Court referred to its earlier decision in Keenan v. Yale NewHaven Hospital, supra, 167 Conn. 284. The plaintiff in Keenan
filed a malpractice complaint premised on the negligence of both the hospital and a surgeon. After withdrawing the action against the hospital, the plaintiff amended his complaint to allege that the defendant surgeon committed an assault upon the plaintiff by operating without first securing an informed consent. The court held that the amendment was barred by the statute of limitations because the new allegations constituted a separate cause of action. Id., 286. The per curium opinion, while brief, indicates the court concluded that the amendment concerned a separate set of facts:" [a]cts amounting to negligence and acts amounting to assault and battery, not related to lack of due care, do not constitute a single group of facts. They are separate and distinct. It is clear that the count alleging assault, as made more specific, raises a cause of action separate and distinct from the negligence originally pleaded."
Plaintiff contends that this case is analogous to Peterson v.Yale New Haven Hospital, Superior Court, judicial district of New Haven at New Haven, Docket No. 337617 (August 13, 1996). The initial complaint in Peterson alleged malpractice grounded on negligence in diagnosing and treating the decedent. After the statute of limitations had run, the plaintiff sought to amend the complaint by adding another allegation of negligence based on the defendants' alleged failure to obtain the decedent's informed consent for her care. The court permitted the amendment over the defendants' objection rejecting an argument that Keenan
necessarily controlled. See id.
An examination of Peterson indicates a distinguishing feature between that case and the present action. The initial complaint in Peterson contained an allegation that the defendants failed to CT Page 10094 respond appropriately to the results of an ultrasound test. The pertinent allegation in the proposed amended complaint was that the defendants failed to disclose the results of the ultrasound test. The court reasoned that this new allegation was "intrinsically intertwined" with the issue of whether the defendants responded properly to the ultrasound results. The initial complaint involved an issue of whether the ultrasound test results contained "material information" requiring an appropriate response. Whether the defendants should have disclosed the results similarly placed at issue the materiality of the ultrasound results. The Peterson court noted that the relation back doctrine is founded upon the notion of fair notice. Since the key issue underlying the allegations in the amended complaint had already been raised by the allegations of the original complaint, the court determined that the defendant could not claim it did not have notice that the issue of the materiality of the ultrasound result would be raised. See id.
In contrast to Peterson, the original complaint here contains no allegation that reasonably calls into question the materiality of any specific information not disclosed; rather, the initial complaint merely alleges negligent performance of a surgical procedure and negligent post-operative monitoring. The new allegations contained in the proposed amended complaint do not directly relate to (or are not "intrinsically intertwined" with, or do not "fuse together with") the conduct involved in, or the factual issues arising out of, the allegations of negligence contained in the initial complaint. Instead, the proposed amendment adds a general, new allegation that the defendant failed to obtain the plaintiff's informed consent.
In Neary v. McCarthy, Superior Court, judicial district of Litchfield, Docket No. 063412 (June 20, 1995), the court denied the plaintiff's motion to strike the defendant's special defense which asserted that certain claims of negligence contained in the plaintiff's amended complaint were time barred by General Statutes § 52-584. The initial complaint alleged malpractice based upon negligent performance of a surgical procedure. The amended complaint added several new allegations including a claim for failure to inform the plaintiff of the potential hazards, risks, and dangers involved in the surgery. The court, in denying the plaintiff's motion to strike, stated that "[w]hile a claim of lack of informed consent is an action sounding in negligence, it may . . . also be a distinct cause of action from a claim alleging negligent medical care. Goral V. Kenney, 26 Conn. App. 231, 237
CT Page 10095 n. 7, 600 A.2d 1031 (1991) (claims of negligent postoperative care and lack of informed consent are different causes of action);Hammer V. Mount Sinai Hospital, 25 Conn. App. 702, 706 n. 4,596 A.2d 318 [cert. denied, 220 Conn. 933, 599 A.2d 3841 (1991) (allegations of lack of informed consent and negligent performance of medical procedure are separate causes of action). The reason for this distinction is that the two causes of action arise from a different group of facts. Goral v. Kenney, supra;Hammer v. Mount Sinai Hospital, supra."
Although decided in a different procedural, context, an examination of Goral and Hammer is instructive. In both cases, the Appellate Court observed that two separate causes of action (one sounding in negligent medical care and another sounding in negligent failure to obtain an informed consent) were alleged since each of the claims arose from a different set of facts. SeeGoral v. Kenney, supra, 237 n. 7; Hammer v. Mount Sinai Hospital, supra, 706 n. 4. It is my view, therefore, that the Peterson
decision is a limited refinement of, or an exception to, the general rule that claims of negligent provision of medical care and lack of informed consent state different causes of action.[3] The Peterson rationale would seem to have application where the negligent medical care allegations are premised on essentially the same, or a very similar, set of facts as the claim for lack of informed consent, so that the latter clearly constitutes merely an amplification of the former.
I certainly agree with Peterson in its assertion that the per curiam holding in Keenan v. Yale New Haven Hospital should not be followed blindly or "woodenly used" to disallow, summarily, such amendments. However, under the Peterson reasoning, an allegation of lack of informed consent might be considered an amplification of the allegations of negligence contained in an earlier complaint where the allegations of the original complaint raise factual issues which are clearly pertinent to, or related to, the claim of lack of informed consent. The proposed amended complaint here sets forth a new and separate cause of the plaintiff's injuries; the issues raised are factually different from the issues raised by the plaintiff's initial allegations of negligence (negligent surgical procedure, and, negligent post operative monitoring). Accordingly, the allegations contained in the proposed amendment set forth, I believe, a separate cause of action that is time barred.
Plaintiff's request for leave to amend is denied and, the CT Page 10096 objection thereto is sustained.
Mulcahy, J.