[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON OBJECTION TO REQUEST FOR LEAVE TO AMEND
By Request For Leave To Amend Complaint, dated April 6, 2000 (the "Request"), plaintiffs sought leave to amend their original Complaint, dated February 24, 1997, with an accompanying, proposed Amended Complaint. By Objection To Request for Leave to Amend, dated April 12, 2000 (the "Objection"), defendant opposed the Request, and submitted a Memorandum in support of her position ("Deft. Memo."). In response, Plaintiffs submitted their Reply, dated April 14, 2000. Oral argument on the Objection was heard on April 17, 2000. For the reasons stated herein, the objection is sustained.
I. Procedural Background
The Complaint alleged that defendant owned a single family residence located in Deep River, Connecticut (the "premises"). Count One, par. 1. Plaintiffs asserted that, in the process of offering the premises for sale, defendant signed a January, 1996 disclosure report making certain express representations as to its condition. Id., pars. 3-4. Plaintiffs further alleged that, in February, 1996, in reliance on the disclosure report, they and defendant entered into a contract wherein they agreed to buy the premises. Id., par 5. Plaintiffs claimed that defendant knew, when she signed the disclosure report, that "one or more of the subject representations were false." Id., par. 6. Various defective conditions were alleged. Id. Plaintiffs asserted that they did not learn of these claimed misrepresentations until after the premises were purchased in July, 1996. Id., par. 9. They claimed damages as a result. CT Page 4800
These allegations were included in counts One and Two, which were dominated "Fraud" and "Theft," respectively. In Count Four, plaintiffs also alleged breach of contract, claiming that, by Addendum, dated February 28, 1996, defendant agreed to make certain repairs to the house but failed to do, also causing damages.
Defendant filed her Answer to the Complaint on December 11, 1997. On April 13, 1998, she filed a Motion to Amend with three special defenses. Her motion for partial summary judgment was filed on April 28, 1998. As noted in the Request, by Memorandum of Decision, dated January 26, 2000, the court granted defendant's motion for partial summary judgment as to Counts Three (Breach of Covenant) and Count Six (Breach of Promise). Counts Five (Breach of Statutory Duty) and Seven (as to another defendant) were withdrawn. This case is scheduled for the commencement of a jury trial on May 11, 2000, a date which was set by the court on November 3, 1999.
II. Standard of Review
Connecticut "generally follows a liberal policy in allowing amendments to complaints." Web Press Services Corp. v. New LondonMotors, Inc., 203 Conn. 342, 360 (1987). However, a party's freedom to add new allegations to a complaint is limited by the relation back doctrine, which
 provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving "the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims. . . ."
Barrett v. Danbury Hospital, 232 Conn. 242, 264 (1995) (quotingGurliacci v. Mayer, 218 Conn. 531, 548 (1991)). "Amendments should be made seasonably." (citations and internal quotation marks omitted.)Connecticut National Bank v. Voog, 233 Conn. 352, 364 (1995). Whether or not to permit an amendment lies within the trial court's discretion, which may be exercised to restrain amendments "so far as necessary to prevent unreasonable delay of the trial." Id. Other factors to be considered are the length of delay, fairness to the opposing parties, and the negligence, if any, of the party offering the amendment. Id.
III. Discussion
CT Page 4801
Defendant presents two primary arguments. First, she asserts that the proposed Amended Complaint adds an entirely new claimed misrepresentation to the fraud claims previously enunciated. Deft. Memo, at 2. Par. 4 of the Amended Complaint seeks to add a claim that, in the January, 1996 disclosure report, defendant represented: "There were no water drainage problems. . . ." Defendant asserts that this "new allegation of fraud presents a new and different cause of action beyond the statute of limitations. The cause of action states a different specific representation, deals with a different area of the house and arguably contemplates a different set of damages." Deft. Memo, at 3. Defendant claims "water drainage problems" were never contemplated by the complaint. Id.
Second, defendant argues that the amendment is belated, will unreasonably delay the proceedings, is unfair, and any necessity to amend is due to plaintiffs' negligence. Id. at 5. She notes that depositions have been taken of plaintiffs, their "purported expert witness," and of herself. Id. She claims that the proceedings would have to be delayed, at substantial expense, involving new or continued depositions to "chase down these new elements." Id. She asserts that plaintiffs were aware of their claims in 1996 and that their work in the house was completed by August, 1996. Id. Finally, she contends that new par. 2 in the Amended Complaint, which alleges how long the house was on the market, should be disallowed as immaterial or evidentiary material. Id. at 6.
In their Reply, plaintiffs acknowledge that they seek to add "an additional misrepresentation set forth by Mrs. Stanley on this disclosure report. . . ." Id. at 1. They contend that the amendment is "mere amplification." Id. Plaintiffs argue that they do "not seek to expand beyond the areas of originally claimed damage." Id. at 2. Their claims result from "buckled floors and loosened tiles as well as the termite damaged bathroom in the basement of the home they purchased. Plaintiff is merely expanding upon the ways that Madeline Stanley was aware of the problems she was concealing." Id. They assert that no further discovery will be needed, in view of the completion of two depositions. Id. at 3.
Where a proposed amended complaint proposes a new cause of action which is barred by the statute of limitations, it cannot relate back to the date of the original complaint. Sharp v. Mitchell,209 Conn. 59, 75 (1988). Here, where misrepresentation and theft are alleged, the limitation period for each is three years. Conn. Gen. Stat. §52-577; Krondes v. Norwalk Savings Society, 53 Conn. App. 102, 113
CT Page 4802 (1999). "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . ." (citation and internal quotation marks omitted). Barrett v. Danbury Hospital, 232 Conn. 242,262 (1995).
In the Amended Complaint, plaintiffs propose, for the first time, that a misrepresentation occurred in January, 1996 concerning water drainage problems, which they relied upon when agreeing to purchase the home in February, 1996 and in acquiring it in July, 1996. Amended Complaint, Count One, pars. 8-9. A comparison to the original Complaint shows that, there, water drainage problems were not alleged. That pleading, at Count One, par. 4 (which was incorporated by reference in the other counts), discussed floor problems, termite/insect/pest infestation, water damage, and an "electrical system problem" as the "subject representations."
The new allegations include, in Count One, sub-par. 5C, that defendant "had buckling in the parquet floors of all four of her bedrooms that resulted in part from a combination of installation failure and moisture resulting from drainage problems." In the original Complaint, Count One, par. 6B, "buckling in the parquet floors of the left side bedroom" was attributed to "leaking shower stalls." The "leaky shower stall" cause of buckling is repeated in the Amended Complaint, Count Once, sub-par. 5B, but is expanded to "one or more of the four bedrooms." Thus, the amendment partially attributes "buckling" to a completely new representation and cause: drainage.[1] In addition, plaintiffs' new pleading asserts that the "drainage problems were so severe that on occasion water in the carpeted area of the basement would rise over the level of one's shoes." Amended Complaint, Count One, sub-par. 5F.
Further, the amendment also pleads that defendant "had loosened and missing tiles in the `great room' of the house which were a result of installation failure." Amended Complaint, Count One, Sub-par. 5D. The loosened and missing tiles in the great room may be considered an amplification of the "floor problems" previously identified as a "subject representation" in the original Complaint, Count One, sub-par. 4A. In contrast, the addition of "water drainage problems" and the above-quoted drainage-related conditions, as a substitute for the previously pleaded "electrical system problem" in the original Complaint, are not mere amplifications. They represent substantive changes from the previously pleaded causes of action about which the defendant did not receive notice in the original pleading. CT Page 4803
This, then, does not present a situation, such as in Giglio v.Conn. Light Power Co., 180 Conn. 230 (1980), where an original complaint presented general allegations concerning defective conditions in a furnace which exploded and an amendment was allowed which specified the defects. Id. at 238-240. Fair notice was provided by the original complaint.
Rather, this case is more akin to Sharp v. Mitchell, supra, where the original complaint was based on a theory of negligent supervision, caused by ordering the decedents into an unsafe underground area. The amendment sought to allege that defendant had negligently designed and constructed the same underground area.
 The actionable occurrence in the original complaint is an allegedly negligent act in supervising employees while the actionable occurrence in the dual capacity counts of the later complaints is. allegedly negligent design and construction of the underground storage area. These complaints involve two different sets of circumstances and depend on different facts to prove or disprove the allegations of a different basis of liability. The fact that the same defendant is accused of negligence in each complaint and the same injury resulted, i.e., the death of three employees by asphyxiation, does not make any and all bases of liability relate back to an original claim of negligence. The defendants did not have fair notice of the claim of negligent construction and design of the underground storage area when the original complaint merely alleged that Norbert Mitchell, Jr., was negligent in ordering the employees to enter the area.
209 Conn. at 73.
Likewise, in Patterson v. Szabo Food Services of New York,14 Conn. App. 178, 183, cert. denied, 208 Conn. 887 (1988), the original negligence claim was based on a failure to clean a floor. The new negligence cause of action, which was not allowed, was based on the installation of a polished and slippery floor creating a dangerous condition. Even though the same floor, the same fall, and the same injuries were involved, the court termed the impermissible amendment "an entirely new and different factual situation" creating "a new and different cause of action." Id.
Thus, this case differs from Cooper v. Ketover, 35 Conn. Sup. 38
(1978), relied upon by plaintiffs. That case involved a change from CT Page 4804 an allegation of the giving of false information to the giving of an inadequate warning. The two were viewed as "not necessarily incongruous." Id. at 41. Here, in contrast to that case, "the group of facts originally claimed to have brought about the injury" has changed. Id. at 43.
This result is especially appropriate here since facts alleging misrepresentation are pleaded in all of the proposed counts. A party asserting a cause of action for fraud must prove the existence of three of the four essential elements of fraud by "a standard higher than the usual preponderance of the evidence, which higher standard we have described as `clear and satisfactory' or `clear, precise and unequivocal.'" (citations omitted). Barbara Weisman, Trustee v.Kaspar, 233 Conn. 531, 539 (1998).[2] It would be contrary to the purposes of the statutes of limitation to permit a stale claim, based on fraud, which requires a higher standard of proof, to be asserted when the defendant was entitled to fair notice within the limitations period.
In addition, a lengthy delay occurred between the original complaint and the amendment. Facts gleaned from witnesses who were recently deposed could have been sought years ago. If the amendment were permitted, it is also reasonable to assume that new testimony would have to be sought concerning sources of "water drainage problems," necessitating delay in making the case trial-ready.
For the foregoing reasons, defendant's Objection to Request to Amend is sustained.
It is so ordered.
SHAPIRO, JUDGE.