[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS
The plaintiff; American Millwork, brought suit against the defendant, Gary L. Hanson, for collection of a debt on December 22, 2001. On January 16, 2001 the defendant filed his answer, in which he admits the debt and stated: "I acknowledge this debt. . . . I do not refuse to pay this debt." On March 8, 2001, the plaintiff filed a motion for judgment on the pleadings.
The Practice Book does not provide for a motion for judgment on the pleadings. Nevertheless, such a motion was recognized in DelVecchio v.DelVecchio, 146 Conn. 188, [191], 148 A.2d 554 (1959)." Hawthorne v.Lowe, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 301393 (March 31, 1995, Cocco, J.); see also Sewer Commissionv. Norton, 164 Conn. 2, 5, 316 A.2d 775 (1972) (court recognized a motion for judgment on the pleadings with respect to the special defense filed by the defendants and held that this "judgment was interlocutory only and not a final judgment from which an appeal lies."); Beach v. Korff,24 Conn. Sup. 494, 495. 194 A.2d 838 (1963) (court recognized that a motion for judgment on the pleadings may be ordered as a matter of law if "the plaintiff in his reply simply admitted the allegations of the defendant's special defense instead of alleging therein matters of avoidance.");Neubauer v. Liquor Control Commission, 7 Conn. Sup. 512, 516 (1940), affd, 128 Conn. 113, 20 A.2d 669 (1941) ("a motion for judgment on the pleadings is recognized in our practice.").
"The motion [for judgment on the pleadings] would seem to be available . . . to a plaintiff when the defendant admits the allegations of CT Page 6254 the complaint and pleads no special defense . . . Cooper v. Ketover,35 Conn. Sup. 38, 44, 393 A.2d 64 (1978), citing 1 Stephenson, Conn.Civ.Proc. (2d Ed.) § 120, p. 493. "The motion [for judgment on the pleadings] is of limited utility, for it requires a situation where the parties are willing to admit the facts and place their entire case on the legal issues raised, waiving the right to replead if the legal issue is decided against them. It operates much in the way of a common law demurrer." (Internal quotation marks omitted.)Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 408-09,279 A.2d 540 (1971).[1] But see, Burkev. Avitable, 32 Conn. App. 765, 772 n. 9, 630 A.2d 624, cert. denied,228 Conn. 908, 634 A.2d 297 (1993) (court noted that Boucher is anomalous). "If there is joined an issue of fact upon which, if supported by the evidence, a valid judgment may be based, a judgment on the pleadings is improper. . . . The court cannot anticipate what the proof will show. . . ." (Citations omitted.) Cooper v. Ketover, supra, 35 Conn. Sup. 44.
To be successful on a motion for judgment on the pleadings, the facts alleged in the complaint and admitted by the reply need to operate as "a complete bar to the maintenance of any cause of action provable under the allegations of the complaint as construed most favorably to the plaintiff." DelVecchio v. DelVecchio, supra, 146 Conn. 191; see alsoBoucher Agency, Inc. v. Zimmer, supra, 160 Conn. 409 (it is permissible for a motion for summary judgment to be used as a "motion for judgment on the pleadings" in certain limited situations); Red Star Express ofAuburn, Inc. v. Carsno, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 366437 (November 30, 1990, Hennessey, J.) (denied motion for judgment on the pleadings because the plaintiffs admissions do not operate as a complete bar to the allegations in the defendant's special defense); Hawthorne v. Lowe, supra, Superior Court, Docket No. 301393 (recognizing a motion for judgment on the pleadings in certain limited situations).
"In contrast, under the Federal Rules of Civil Procedure, when a motion for summary judgment is made solely on the pleadings, it is functionally the same as a motion for judgment on the pleadings or a motion to dismiss pursuant to Rule 12(b)(6) (the equivalent of a Practice Book § 152 motion to strike). See 6 Moore's Federal Practice 2d, §§ 56.02[3], 56.09, and 56.11[2]. If the motion for summary judgment is based solely on the pleadings, as it may be, then there is no functional difference between that motion and a motion for judgment on the pleadings. Id., § 56.09. As with a motion for summary judgment, the existence of a genuine issue of material fact will defeat a motion for judgment on the pleadings. Id." (Internal quotation marks omitted.) Hawthorne v. Lowe, supra, Superior Court, Docket No. 301393. CT Page 6255
Judge Blue, however, has refused to treat a motion for summary judgment as a motion for judgment on the pleadings because the Practice Book does not recognize such a motion. See Gargiulo v. Town of East Haven, Superior Court, judicial district of New Haven, Docket No. 338874 (November 20, 1996, Blue, J.) (18 Conn.L.Rptr. 262); Bell Atlantic Systems LeasingInternational, Inc. v. Bajorski, Superior Court, judicial district of Tax Session, Docket No. 543083 (August 29, 1995, Blue, J.) (14 Conn.L.Rptr. 613). In both these cases, the parties filed motions for summary judgment unaccompanied by supporting affidavits or documentation of any kind. See Gargiulo v. Town of East Haven, supra, 18 Conn.L.Rptr. 262; Bell Atlantic Systems LeasingInternational, Inc. v. Bajorski, supra, 14 Conn.L.Rptr. 613. InGargiulo v. Town of East Haven, the court noted that "[u]nder the federal system. . . . a motion for summary judgment based solely on the pleadings is functionally equivalent to a motion to dismiss for failure to state a claim under Rule 12(b)(6), or a motion for judgment on the pleadings under Rule 12(c). . . . Those functionally equivalent federal motions have no exact counterparts in the Connecticut rules of practice. The closest Connecticut analogue is a motion to strike, contesting the legal sufficiency of the allegations of a complaint to state a claim upon which relief may be granted." Gargiulov. Town of East Haven, supra, 18 Conn.L.Rptr. 262. The court noted, however, that it could not treat the motion as a motion to strike for the following two reasons: (1) a motion to strike is improper once an answer has been filed; Practice Book § 10-6; and (2) if a motion to strike were granted, the plaintiff would be allowed to replead within fifteen days and the trial date was less than one month away; Practice Book § 10-44. Id. Therefore, the court treated the motion as a motion for summary judgment and denied it because the party failed to include accompanying documentation. Id. But see, Hossan v. Hudiakoff,178 Conn. 381, 382 n. 1, 423 A.2d 108 (1979) (absent sufficient affidavits or other supporting documents, the court may decide a motion for summary judgment on the pleadings alone). In addition, the court noted that "it is more prudent to allow the plaintiff to present his factual case to the jury and subsequently allow the . . . defendants to move for a directed verdict if it seems appropriate to do so." Gargiulo v. Townof East Haven, supra. 18 Conn.L.Rptr. 262.
A motion for judgment on the pleadings, as was recognized in DelVecchiov. DelVecchio, supra, 146 Conn. 191, is a proper motion under the circumstances of this case where the court finds that the facts alleged in the complaint and admitted by the reply operate as a complete bar to the maintenance of any cause of action. Id. Gargiulo v. Town of EastHaven, supra, 18 Conn.L.Rptr. 262, and Bell Atlantic Systems LeasingInternational, Inc. v. Bajorski, supra, 14 Conn.L.Rptr. 613, are distinguishable from the current case because, unlike the current case, CT Page 6256 the parties filed motions for summary judgment without supporting documentation based on the lack of genuine issues of material fact. In this case, the motion for judgment on the pleadings is based on the defendant's admissions in his answer.
For the foregoing reasons, the plaintiffs motion for judgment on the pleadings is hereby granted. Plaintiff to file affidavit of debt evidencing total debt effective this date.
By the Court,
 ________________________ JOSEPH W. DOHERTY, JUDGE